IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ADRIAN JACOBO,

        Plaintiff,        CV F 04 6720 LJO WMW P

  vs.                       FINDINGS AND RECOMMENDATION
                              RE MOTION TO DISMISS (DOC 25)

C/O DOUGLAS, et al.,

        Defendants.

        Plaintiff is a state prisoner proceeding in a civil rights action against officials of the California Department of Corrections.  This action is brought pursuant to 42 U.S.C. § 1983, for alleged civil rights violations that occurred while Plaintiff was housed at the Sierra Conservation Center at Jamestown.  This action proceeds against Defendants Douglas, Kramer, Micheels and Tennison.  This motion to dismiss is brought by Defendants, Kramer, Micheels and Tennison.

        The allegations as to Defendants Kramer, Micheels and Tennison stem from the conduct of Defendant Douglas.  Plaintiff alleges that Defendant Douglas sexually harassed Plaintiff verbally and physically.   Plaintiff also alleges that Douglas threatened Plaintiff "by stating that Plaintiff better keep his mouth shut or Defendant Douglas could make things happen."

        The allegations as to Defendants Micheels, Kramer and Tennison relate to

1

**their participation in the inmate grievance process.  Plaintiff filed an inmate grievance regarding the sexual misconduct by Defendant Douglas.**

**Plaintiff alleges that Defendant Tennison, the Inmate Appeals Coordinator, effectively prevented Plaintiff from pursuing his inmate grievance by not assigning a log number to Plaintiff's inmate grievance.  Plaintiff alleges that the appeal was forwarded to Defendant Micheels.  Micheels "further ignored this second attempt from Plaintiff to receive a log number."  Plaintiff alleges that Tennison "did not process the CDC-602 submitted by the Plaintiff nor did Defendant Micheels respond to either attempt made by the Plaintiff to receive a log number."  Plaintiff sent to Defendant Warden Kramer a letter from Plaintiff regarding his attempts to pursue his inmate grievance.  Kramer "failed to remedy the complaint and to ensure that the Plaintiff would be given a Log Number for the CDC-602."**

To warrant relief under the Civil Rights Act, a plaintiff must allege and show that defendant's acts or omissions caused the deprivation of his constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993).   In order to state a claim under § 1983, a plaintiff must allege that: (1) a person was acting under color of state law at the time the complained of act was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  Paratt v.Taylor, 451 U.S. 527, 535 (1981).

[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates."  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams,

855 F.2d 639, 640 (9th Cir. 1988).  "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action.  Buckley, 997 F.2d at 495.

Defendants' actions in responding to plaintiff's appeal, alone, cannot give rise to any claims for relief under section 1983 and plaintiff has not alleged any other facts that demonstrate that defendants violated his rights under federal law.  Accordingly, plaintiff fails to state any claims upon which relief may be granted under section 1983.

**Defendants also argue that Plaintiff's claim of denial of access to the courts fails.  In his complaint, Plaintiff alleges that, as a result of his inmate grievance regarding the conduct of Defendant Douglas, he cooperated with the internal affairs investigator and agreed to send to the investigator documents "pertaining to his investigation."  Plaintiff alleges that the information failed to make it to the investigator.  Plaintiff contends that this "missing legal mail" constitutes a denial of access to the courts.**

Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346 (1996).  The right is limited to direct criminal appeals, habeas petitions, and civil rights actions.  Id. at 354.  Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002).  In this instance, plaintiff's access claim is backward-looking, as plaintiff claims that his pending habeas petition was dismissed as a result on defendant's inaction.  To prevail on his claim, plaintiff must show that he suffered an actual injury by being shut out of court.  Id. at 415; Lewis, 518 at 351.

**Here, Plaintiff fails to allege facts indicating that he suffered injury within the**

1 **meaning of <u>Casey</u>.  Defendants correctly note that Plaintiff did receive a log number for his**
2 **grievance regarding the conduct of Defendant Douglas, as well as a log number for his**
3 **grievance regarding the missing mail.   There are no allegations that Plaintiff was pursuing**
4 **a habeas petition or a civil rights action, or any action in any court.  This claim therefore**
5 **fails.**
6       **Accordingly, IT IS HEREBY RECOMMENDED that Defendant's motion to**
7 **dismiss be granted, and Defendants Kramer, Micheels and Tennison be dismissed, along**
8 **with Plaintiff's access to courts claim.**

12 IT IS SO ORDERED.
13 **Dated:   August 16, 2007**              /s/  William M. Wunderlich
                                        UNITED STATES MAGISTRATE JUDGE